UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOY RACER, INC.,
    Plaintiff,

v.

DOES 1-10,
    Defendants.

Case No. 1:11-cv-592

Beckwith, J.
Litkovitz, M.J

**ORDER**

This matter is before the Court on the motion of defendant Doe 10, associated with Internet Protocol ("IP") address 99.164.109.255, to quash a subpoena (Doc. 10) and plaintiff's response in opposition. (Doc. 11).

The circumstances underlying this dispute were set forth in this Court's October 12, 2011 Order ("the Order") granting plaintiff's ex parte motion to engage in expedited discovery. *See* Doc. 5. For the sake of brevity, the Court incorporates by reference the "Background" section of that ruling.

The Order granted plaintiff's motion for expedited discovery for the sole purpose of identifying the Doe defendants' names, addresses, telephone numbers, email addresses and Media Access Control (MAC) addresses. (Doc. 5). The Order accorded plaintiff the authority to serve Rule 45 subpoenas to Internet Service Providers ("ISPs") previously identified in Exhibit A attached to plaintiff's complaint (Doc. 1, Ex. A) and to any other entity identified as a provider of Internet services to any Doe defendant. *Id*. at 5-6. The Order limited plaintiff's use of expedited discovery to obtaining "information sufficient to identify each Doe defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address . . . solely for the purpose of protecting plaintiff's rights as set forth in its Complaint[.]" *Id*. at 6.

Counsel for Doe 10 filed the instant motion to quash on December 21, 2011, asserting that plaintiff has not identified any basis for finding that the owner or user of IP address 99.164.109.255[1] is properly a defendant. Doe 10 argues that the subpoena is an unwarranted and unjustified invasion of privacy.[2] Further, counsel for Doe 10 contends that a paralegal employee of plaintiff's law firm engaged in the unauthorized practice of law by administering legal advice. Doe 10 asserts that said employee also attempted to broker a settlement agreement with counsel for Doe 10 in the amount of $3,400.00, also an unauthorized practice of law. Doe 10 argues that such conduct demonstrates plaintiff's lack of good faith in this litigation and contends that he/she should be able to conduct expedited discovery and inquiry into plaintiff and plaintiff's law firm.

In response, plaintiff contends that: (1) the instant motion is not before the proper court; (2) Doe 10 has not identified a proper basis for quashing the subpoena; and (3) neither plaintiff nor plaintiff's employees have engaged in the unauthorized practice of law.

The subpoena Doe 10 seeks to quash issued from the United States District Court for the Western District of Texas. At this juncture, the undersigned is without the authority to rule on Doe 10's motion to quash. The plain language of Rule 45 indicates that motions to quash must be filed in the court where the subpoena issued. *See* Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena that [meets the relevant criteria]."). *See also S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011) ("We now join the

---

[1] Exhibit A of plaintiff's complaint identifies IP address 99.164.109.255 of ISP AT&T Internet Services as one member of the torrent swarm who allegedly infringed on plaintiff's copyright of the video at issue. (Doc. 1, ¶ 28-29; Ex. A)

[2] Doe 10 further argues that this Court's show cause order has not been satisfied. (Doc. 10, p. 1). The Court disagrees. To the extent plaintiff refers to the Court's order to show cause as to why Does 2-10 should not be dismissed under Federal Rule of Civil Procedure 21 (Doc. 5, p. 7), this Court determined after reviewing plaintiff's response (Doc. 6) that good cause existed for permitting joinder of Does 1-10 at this stage of the litigation. (Doc. 8). Accordingly, the Court disagrees with plaintiff's contention and holds that the show cause order has been satisfied. Insofar as Doe 10 argues that plaintiff has failed to establish good cause for engaging in expedited discovery, the Court has ruled on this issue as well and found that plaintiff demonstrated sufficient good cause to engage in limited expedited discovery. *See* Doc. 5.

Eighth and the D.C. Circuits and hold that the issuing court, and not the court where the underlying action is pending, has the authority to consider motions to quash or modify subpoenas under Rule 45 of the Federal Rules of Civil Procedure."); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (Rule 45 language "suggests that only the issuing court has the power to act on its subpoenas"); *In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir. 1991) (district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). *Cf. U.S. ex. rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) ("The power to quash or modify the subpoena . . . resides with the issuing court."). Although there is some authority for allowing the court that issued the subpoena to transfer a motion to quash to the court with underlying jurisdiction over the case, *see United States v. Star Scientific, Inc.*, 205 F.Supp.2d 482, 485 n. 4 (D. Md. 2002) (and cases cited therein, noting that courts in the Second, Eighth, and Tenth Circuits have supported such transfers, while courts in the Third, Seventh, and D.C. Circuits have found transfer of discovery disputes inappropriate), Doe 10 has not cited to any authority permitting the converse, *i.e.*, allowing the district court having jurisdiction over the underlying action to transfer the motion to quash to the issuing court. *Cf. Avance v. Kerr-McGee Chemical LLC,* No. 5:04cv209, 2005 WL 5315654, at *3 (E.D. Tex. Aug. 9, 2005) ("the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts *unless there is such a transfer or remittance*") (emphasis in the original). Consequently, this Court is without the authority to rule on the motion to quash the contested subpoena. Accordingly, Doe 10's motion to quash the subpoena is **DENIED** without prejudice to its being refiled in the proper district.[3]

Lastly, to the extent that Doe 10 seeks to conduct expedited discovery regarding plaintiff

---

[3] In light of the Court's ruling, the Court declines to address the remainder of the parties' arguments.

3

and plaintiff's law firm, this request is denied. Expedited discovery may be granted upon a showing of good cause. *Arista Records, LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007) (Watson, J.). *See also Whitfield v. Hochsheid*, No. 1:02-cv-218, 2002 WL 1560267, at *1 (S.D. Ohio July 2, 2002) (Hogan, M.J.). The party seeking expedited discovery bears the burden of demonstrating good cause. *Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo 2003) (and cases cited therein). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records*, 2007 WL 5254326, at *2. In determining whether good cause exists, the Court will consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, Civ. No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009) (King, M.J.) (and cases cited therein).

Doe 10 has not provided the Court with any information addressing the scope of the proposed discovery or presented any basis for seeking expedited discovery such as the potential for the destruction of evidence. Accordingly, the undersigned finds that Doe 10 has failed to establish good cause for seeking expedited discovery and the request is **DENIED**.

In conclusion, the Court holds that Doe 10's Motion to Quash (Doc. 11) and accompanying request for expedited discovery are **DENIED**.

**IT IS SO ORDERED.**

2/13/2012
Date

KAREN L. LITKOVITZ
U.S. Magistrate Judge

4